**YU QUAN, Petitioner,**

v.

**Peter D. KEISLER,\* Acting Attorney General, Respondent.**

**No. 06–72181.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007.\*\*

Filed Oct. 2, 2007.

Thomas J. Mayer, Long Beach, CA, for Petitioner.

District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, David V. Bernal, Russell J.E. Verby, Esq., U.S. Department of Justice, Civil Div./Office of

---

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM \*\*\*

Yu Quan, a native and citizen of China, petitions for review of a Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, and may reverse only if the evidence compels such a result. *INS v. Elias–Zacarias*, 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

In this case, the evidence does not compel the conclusion that Quan's problems with the Chinese authorities after harboring a refugee from North Korea were persecution rather than prosecution of an illegal act. *See Dinu v. Ashcroft*, 372 F.3d 1041, 1044 (9th Cir.2004). Therefore, substantial evidence supports the IJ's and BIA's finding that Quan was not persecuted on account of a protected ground. *See Elias–Zacarias*, 502 U.S. at 481–82, 112 S.Ct. 812. In addition, substantial evidence supports the IJ's and BIA's finding

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

that Quan failed to establish that her fear of future persecution on account of her Christianity is objectively reasonable. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir.2003).

Because Quan failed to satisfy the lower standard of proof for asylum, it necessarily follows that she failed to satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir.2006).

Substantial evidence also supports the denial of CAT relief. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.